JOURNAL ENTRY AND OPINION
Defendant-appellant Ester Bein appeals from the order of the Shaker Heights Municipal Court entering a small claims judgment against appellant and in favor of plaintiff-appellee Sha-Ron Nashe in the amount of $1,500. For the following reasons, we affirm the judgment of the municipal court.
Appellant is the owner of a house located at 2340 Loyola, in University Heights, Ohio. In June 1999, appellant advertised the house for lease. At the same time, appellee was attempting to secure a home on behalf of her daughter, Tatanya Owens.
Appellee viewed appellant's house for the first time on June 8, 1999. According to appellee, she returned the next day and gave appellant $600 as partial payment on a $1,500 security deposit. Appellee further testified that she informed appellant that Owens received government housing assistance and, therefore, the lease was subject to a Section 8 property inspection and rent determination.
On June 28, 1999, appellee provided appellant with $900 for the balance of the $1,500 security deposit. During her testimony, appellant insisted that the $1,500 was in fact earnest money to hold the house off the market.
The Section 8 inspector approved the property; however, the house's rent determination was set at $818. According to Kenita Allen, a Section 8 customer service representative, appellant agreed to accept the rent determination. Appellant vehemently denies that she agreed to the rent determination, and insists that she was never willing to accept less than $1,500 a month to lease the house.
Appellant leased the house to another tenant in August, but refused to refund to appellee the $1,500 security deposit. On August 9, 1999, appellee filed a small claims complaint against appellant. After conducting a hearing, the magistrate found in favor of appellee.
On December 22, 1999, appellant filed her objections to the magistrate's findings of fact and conclusions of law. In a journal entry filed on January 24, 2000, the municipal court overruled appellant's objection, adopted the magistrate's decision, and entered judgment in favor of appellee and against appellant in the amount of $1,500 plus interest. Therefrom, appellant filed a timely notice of appeal with this court.
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN ITS ADOPTION OF THE AMENDED MAGISTRATE'S DECISION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW ON JANUARY 14, 2000, IN THAT SAID DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In her first assignment of error, appellant argues that the trial court erred in adopting the magistrate's decision, which appellant claims was against the manifest weight of the evidence.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. The trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony; therefore, an appellate court must afford deference to the findings of the trial court. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
In the case sub judice, appellee testified that she provided appellant with $1,500 as a security deposit for the rental property. Appellee asserted that she was entitled to a refund of this money when the parties failed to agree on the monetary amount of rent. Appellant insisted that the money was in fact earnest money to hold the house on the market and, therefore, appellee was not entitled to a refund.
The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact. State v. Awan (1986), 22 Ohio St.3d 120, 123, citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77; Henkle v. Salem Mfg. Co. (1883), 39 Ohio St. 547
. We will not second guess the trial court's judgment in this regard.
Based upon the foregoing, we find that the judgment of the trial court was not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
 II. THE LOWER COURT ERRED AS A MATTER OF LAW IN ITS INQUIRY TO THE MAGISTRATE AND EDITORIAL CORRECTION OF THE AMENDED MAGISTRATE'S DECISION.
As for her second assignment of error, appellant argues that the municipal court judge erred in communicating with the magistrate. After discussing the case with the magistrate, the judge made a minor correction to the magistrate's decision.
Civ.R. 53(D)(4)(b) permits a trial court to adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." The trial court must undertake the equivalent of a de novo determination, and independently assess the facts and conclusions contained in the magistrate's report. Normandy Place Assoc. v. Beyer (1982),2 Ohio St.3d 102.
Appellant fails to cite to any authority that would prohibit a trial judge from communicating with the magistrate who heard the case. Moreover, the court merely communicated with the magistrate to resolve the date of the Section 8 inspection. As such, appellant has failed to demonstrate prejudice in the resulting editorial correction. Based upon the foregoing, we summarily overrule appellant's second assignment of error.
 III. THE LOWER COURT ERRED AS A MATTER OF LAW IN THAT IT ABUSED ITS DISCRETION.
In her final assignment of error, appellant argues that the trial court's conduct throughout the proceedings demonstrated an unreasonable, arbitrary or unconscionable attitude.
Appellant first claims that [t]he magistrate and his bailiff refused to have the tape record [sic] turned on and only did so after repeated requests by Appellant to do so. Appellant acknowledges that the record on appeal does not evidence this factual contention. The Supreme Court of Ohio has consistently held that an appellate court cannot consider matters outside of the record. See, e.g., State ex rel. Ducan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730, citing State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of syllabus.
Appellant also challenges the trial court's decision to overrule her motion for a continuance. Appellant had moved for a continuance of the underlying trial, scheduled October 7, 1999, based upon an alleged conflict with a case in another court. In a journal entry dated September 29, 1999, the trial court stated:
 Defendant's Motion for Continuance is overruled. The case in this court is set for 9:30 A.M. and the case in the Cleveland Municipal court is scheduled for 1:00 P.M.
Consequently there is no conflict.
The decision to grant or deny a motion for a continuance is within the broad discretion of the trial court and, therefore, the decision will not be disturbed on appeal absent a showing of an abuse of discretion. State v. Burke (1995), 73 Ohio St.3d 399, 407. Appellant offers a disjointed argument which fails to demonstrate that the trial court's decision was unreasonable, arbitrary or unconscionable.
In addition, appellant challenges the designation of appellee's husband, Turner Nashe, as process server. Mr. Nashe served notice of the journal entry, dated September 29, 1999, wherein the court denied appellant's continuance motion. Although this court questions the propriety of designating a spouse of a party to serve as a process server, Officer Nashe was technically an appropriate server under Civ.R. 4.3(B)(2). Civ.R. 4.3(B)(2) provides in part: Service under this division may be made by any person not less than eighteen years of age who is not a party and who has been designated by order of the court. Moreover, appellant has failed to demonstrate prejudice in this regard.
Based upon the foregoing, the third assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.
TERRENCE O'DONNELL, P.J. and JOHN T. PATTON, J. CONCUR.
 __________________________ LEO M. SPELLACY, JUDGE